Re Sucesores de J. Pérez & Co.

# IN THE MATTER OF SUCESORES DE J. PÉREZ & COMPANY, S. en C., Bankrupts.

San Juan, Bankruptcy, No. 440.

BANKRUPTCY.

Partnership—Silent Partner to Refund Collection.

1. Where it appears that certain parties were silent partners of a firm involved in bankruptcy proceedings, and that their shares were sold to the managing partner after the firm became actually insolvent, and it further appears that these silent partners took promissory notes and after the firm was formally adjudged to be bankrupt filed their proof of claims represented by the said promissory notes, and in addition to said notes these silent partners had collected the sum of $1,800 in cash, the ruling of the referee requiring the refund of said sum of $1,800 is correct.

Partnership—No Composition until Assets Refunded.

2. The court should approve no proposed agreement for a composition pending the return to the trustee of cash improperly received by the silent partners.

Opinion filed December 15, 1922.

*Messrs. V. Zayas Pizarro, Pedro Albizu Campos* and *A. S. Poventud* for Creditors.

*Mr. C. Brunet* for Bankrupts.

ODLIN, Judge, delivered the following opinion:

This is a bankruptcy case which arose in the city of Ponce. A plan or proposal for a composition was submitted to the

Re Sucesores de J. Pérez & Co.

creditors of the bankrupt and the same was discussed in open court, there being present several creditors or their counsel, and the vote at that time was against acceptance of the proposal. Thereafter it appears that a majority in number of the creditors filed a written consent to the offer of composition, and the matter was passed upon by the gentleman who was referee in bankruptcy in September of the present year. His findings and opinion bear date of September 6, 1922, and are part of the record of this case.

Several of the creditors who opposed the confirmation of the composition claim that the proposed confirmation is premature for the reason that there is now pending on review before me an order of the referee at Ponce in which he dismisses certain claims which were submitted to him for approval by Sebástian Canet, Joaquín Armstrong, and the firm of E. Brunet & Company of Ponce. It appears that one of these claims was originally held by Rafael Collazo, who assigned it, or who is alleged to have assigned it, to the said firm of E. Brunet & Co. It also appears that the said Canet, Armstrong, and Collazo were silent partners of the firm now in bankruptcy, and it is alleged that their shares were sold to the managing partner after the firm became actually insolvent. It also appears that these silent partners had invested the sum of $3,000 each in said firm, and there being no cash available these silent partners took promissory notes and after the firm was formally adjudged to be bankrupt these silent partners filed their proof of claims against the bankrupt partnership, said claims being represented by the said promissory notes, except the sum of $1,800, which it seems that they had previously collected.

The referee disallowed said claims and directed these silent

Re Sucesores de J. Pérez & Co.

partners, Canet and Armstrong, also the firm of E. Brunet & Co. as succeeding to the rights and liabilities of the said Rafael Collazo, to return the sum of $1,800 which they had already collected. This they did not do and the order of the referee remains to this day not complied with.

Thereafter the creditors made a later demand that said money should be returned to the bankrupt estate, and the partners made a motion to the referee to reconsider his opinion previously given. A meeting was had for this purpose, and the referee once more found against these parties, who, being dissatisfied with this later finding of the referee, prayed for a review and that review is now pending before me. I expect to reach a decision in regard thereto later. It is clear that if I should uphold the decision of the referee, a larger percentage would go to all the creditors, and therefore it is quite clear to me that said composition should not be confirmed at this time.

It is not necessary to consider the other grounds of opposition, but the right is reserved to these creditors to present the other grounds to this court hereafter if they shall be so advised.

The present order of this court is as follows: That the proposed composition be not confirmed at this time, and that the said Sebastian Canet, Joaquin Armstrong and the firm of E. Brunet & Company show cause before this court at San Juan on Saturday the 30th day of December, 1922, at 9 A. M. why they should not return to the bankrupt estate the sum of $1,800 which had been collected by them as found by the said referee in bankruptcy.

Done and Ordered at San Juan, Porto Rico, this 15th day of December, 1922.